**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------

| | |
|---|---|
| CHRISANNE OLIVER, individually and on behalf of others similarly situated, | Civil Action No. 1:18-cv-01794-GHW |
| Plaintiff, | **FIRST AMENDED COMPLAINT** **FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION** |
| vs. | |
| RIO ACQUISITION PARTNERS, LLC; XPRESS RETAIL, LLC; DVD XPRESS, LLC, | **JURY TRIAL DEMANDED** |
| Defendants. | |

--------------------------------------------------------------

Plaintiff Chrisanne Oliver by and through her attorneys, on behalf of herself and all others similarly situated, alleges, upon personal knowledge as to herself and upon information and belief as to other matters, as follows:

<u>**NATURE OF THE ACTION**</u>

1.      Plaintiff Chrisanne Oliver ("Plaintiff") brings this action on behalf of herself and all others similarly situated, against Defendants Rio Acquisition Partners, LLC, DVD Xpress LLC, Xpress Retail LLC ("Defendants," "DVD Xpress", or the "Company"), to remedy violations of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq. ("FLSA"). Plaintiff seeks, for herself and similarly situated employees, declaratory and injunctive relief, unpaid wages, unpaid overtime, liquidated damages, reasonable attorneys' fees and costs, and all other appropriate legal and equitable relief, pursuant to 29 U.S.C. §§ 216 and 217, and other applicable federal law.

2.      Plaintiff also brings this action, on behalf of herself and other employees similarly situated, to remedy violations of the New York State Labor Law ("NYLL"), including NYLL § 190 et seq., §§ 650 et seq., New York Codes, Rules & Regulations ("NYCRR"), including 12 NYCRR §§ 142-2.1, 142-2.6, 195 and New Yok common law; Plaintiff seeks, for herself and all

other similarly situated employees, declaratory and injunctive relief, unpaid wages, unpaid minimum wages, statutory damages, interest, liquidated damages, reasonable attorneys' fees, and costs and all other appropriate legal and equitable relief, pursuant to *inter alia,* the NYLL §§ 198, 663.

## JURISDICTION

3.      Jurisdiction of the Court over Plaintiff's FLSA claims is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.      Jurisdiction of this Court over Plaintiff's state law claims is invoked pursuant to 28 U.S.C. § 1367(a) in that the NYLL claims are so related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

5.      Venue is proper within this District, pursuant to 28 U.S.C. § 1391, because Defendants do business in, and accordingly resides in, this District. Moreover, Defendant have selected this venue as evidenced in the Independent Contractor Agreement (which Plaintiff disputes as characterizing the employment relationship of the parties) but which was authored by Defendants and expressly provides for a selected forum of, "the jurisdiction and venue of the federal and state courts located at New York County, New York with respect to any dispute arising out of or in connection with this Agreement..."

## PARTIES

6.      Plaintiff resides in the County of Latah, in the State of Idaho.  Plaintiff contracted with Defendants as a "Merchandiser" from October 2015 to May 2017.

7.      Defendant Rio Acquisition Partners LLC is a New York limited liability company with its principal place of business at 120 East 34th St. Suite 5N, New York, New York 10016. Defendants does business as DVD Xpress.

8.      Defendant Xpress Retail LLC is a Florida limited liability company.  Defendant Xpress Retail LLC has in the past and continues to engage in substantial and non-isolated business activity in the State of New York.

9.      Defendant DVD Xpress LLC is a Delaware limited liability company with its principal place of business at 120 East 34th St. Suite 5N, New York, New York 10016.  Defendant DVD Xpress LLC has in the past and continues to engage in substantial and non-isolated business activity in the State of New York.

10.     At all relevant times, Defendants have been, and continues to be, an "employer" engaged in "interstate commerce" and/or in the "production of goods" for "commerce", within the meaning of 29 U.S.C. § 203. At all times relevant hereto, Defendant have been, and continues to be, an "employer" as defined by 29 U.S.C. § 203(D) and by the NYLL §190(3). At all relevant times, Defendant have employed "employee[s]", including Plaintiff and each of the FLSA Collective Plaintiffs and the members of the Class.

## FACTUAL ALLEGATIONS

11.     According to its website, DVD Xpress is a leading owner and operator of automated DVD rental systems in the United States[1]. Consumers rent DVDs from Defendants via DVD Xpress' Rental Kiosks which are located throughout the country in retail/grocery stores such as Foodland, King Kullem, Brookshire's and Haggen.

12.     To service, maintain and stock the DVD Rental Kiosks, Defendants employs "Merchandisers" such as Plaintiff and each of the FLSA Collective Plaintiffs and the members of the Rule 23 Class.

---

[1] https://www.mydvdxpress.net/aboutdvdxpress

13.     Defendants compensates "Merchandisers" for time worked at the kiosk locations, however, as a corporate policy and/or practice, Defendants fails to compensate Merchandisers for other hours worked in the performance of their duties.  Duties performed away from the kiosk location are routinely not compensated.  Such uncompensated duties include, but are not limited to, receiving, processing, inspecting, watching and cleaning DVDs, receiving and processing artwork, reviewing kiosk layout plans and sending/receiving emails with Defendants.

14.     Given the non-payment for time worked in the performance of their duties, the wage paid by Defendants to its Merchandisers is diluted such that they do not receive their contracted regular hourly wages for all hours they worked. Moreover, the wage earned by Merchandisers routinely falls below the minimum wage rate set by State and Federal law.

15.     Throughout the relevant time periods, Defendants classified Merchandisers as Independent Contractors.  Defendants required Merchandisers to sign an "Independent Contractor" agreement which included, *inter alia,* a New York choice of law provision and a forum section of New York County, New York.

16.     Plaintiff, each of the FLSA Collective Plaintiffs and the members of the Rule 23 Class were wrongfully classified as independent contractors.

17.     Defendants exercises extensive control over the means by which Merchandiser's perform their jobs and regulated such behaviors through, *inter alia*, detailed checklists. Defendants controlled every aspect of the business including, but not limited to, the look and appearance of the kiosks including any displays, the pricing of the rentals, Merchandiser job duties and protocols, and selection of the DVD inventory.

18.     Plaintiff, each of the FLSA Collective Plaintiffs and the members of the Rule 23 Class render a personal and necessary service to Defendants by, for example, stocking/loading the

Kiosks with DVDs, inspecting the Kiosks, updating the Kiosks (i.e. Box Art Display); preparing DVDs for rental, cleaning the Kiosks and disks, and maintaining quality control through the submission of reports and photographs of the Kiosks to Defendants.

19.     Such personal services are fundamental and integral to Defendants' business. The personal services provided by Plaintiff, each of the FLSA Collective Plaintiffs and the members of the Rule 23 Class do not involve the level of expertise typically requiring the use of independent professionals with special skills as opposed to employees.

20.     Additionally, Plaintiff and each of the FLSA Collective Plaintiffs were required to pay operating costs out of their earned wages, without reimbursement from Defendants. These payments include but are not limited to: usage of their personal vehicle including fuel charges which exceed reimbursed amounts, the purchase of cleaning supplies necessary to maintain the DVDs and kiosks, usage of cellular telephones or cameras and office supplies. Such expenses and fees are primarily for the benefit of Defendants but did not constitute significant investment in the business.

21.     As a result of the failure to reimburse in the manner described above, the wages that the Plaintiff and the FLSA Collective Class received free and clear from Defendants were routinely less than the minimum wage required by 29 U.S.C. §206 on a weekly basis for each hour or part of an hour of actual work.

22.     Indeed, based on all the violations described above, the weekly pay divided by the number of hours worked in that week for Plaintiff, FLSA Collective Plaintiffs and the Rule 23 Class routinely yielded an hourly rate for the whole week that was lower than the statutory minimum wage.

23.     By means of defendants' improperly classifying Merchandisers as "independent

contractors" rather than employees, Defendants avoided its obligation to pay worker's compensation taxes, payroll taxes, and other taxes and fees under Federal and State law.

24.     During her tenure as a Merchandiser, Plaintiff was classified by Defendants as an independent contractor.  During her tenure as a Merchandisers, Plaintiff performed job duties each week that were not compensated and incurred expenses each month in the performance of her duties that were not reimbursed.  As a result, Plaintiff received less than the wage contracted for and routinely less than minimum wages.

25.     Each of the FLSA Collective Plaintiffs and the members of the Rule 23 Class also performed work in their performance of required job duties as Merchandisers of Defendants that was not paid and incurred unreimbursed expenses.

26.     Defendants' supervisors knew that Plaintiff, the FLSA Collective Plaintiffs and the members of the Rule 23 Class were performing uncompensated work.

27.     As a result of the above illegal policies and practices, Defendants routinely failed to pay Plaintiff, the FLSA Collective, and members of the Class, for all of the hours they worked (i) at their regular hourly rates of pay for the hours they worked up to 40 hours per week, and (ii) failed to pay at least the required minimum wage rate.

28.     Upon information and belief, Defendants knew of, and/or showed reckless disregard for, the practices by which Defendants failed to pay minimum wages for all hours worked. Defendants knew that the nonpayment of minimum wages would economically injure Plaintiff, the FLSA Collective Plaintiffs, and the Class Members, and that it violated the FLSA and the NYLL.

29.     Defendants committed the foregoing acts knowingly, intentionally and willfully against Plaintiff, the FLSA Collective Plaintiffs, and the Rule 23 Class members.

6

## COLLECTIVE ACTION ALLEGATIONS

30.     The Plaintiff brings Count I, the FLSA claim, as a nationwide "opt-in" collective action pursuant to 29 U.S.C. § 216(b), on behalf of herself and on behalf of the following Class of persons (hereinafter the "FLSA Class" or "FLSA Collective Plaintiffs"):

> All individuals in the United States who contracted with Defendants to serve as "Merchandisers" between three (3) years from the time of filing this class action to the date judgment s rendered in this case.

31.     The FLSA claim may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

32.     At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements, and job duties, and are and have been subject to Defendants' decision, policy, plan, practice, procedure, routine, and rules to willfully fail and refuse to pay them the legally required minimum wages.  The claims of Plaintiff herein are essentially the same as those of the other FLSA Collective Plaintiffs.

33.     Other Merchandisers currently or formerly employed by Defendants should have the opportunity to have their claims for violations of the FLSA heard. Certifying this action as a collective action under the FLSA will provide other non-exempt employees notice of the action and allow them to opt in to such an action if they so choose.

34.     The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. 218(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last addresses known to Defendants.

## RULE 23 CLASS ALLEGATIONS- NEW YORK LABOR LAW

35.     Plaintiff brings the Second Claim for Relief pursuant to the Fed. R. Civ. P. ("FRCP") Rule 23, to recover unpaid wages, unpaid overtime pay, and statutory damages on behalf of a class of all individuals employed by Defendants anywhere in the United States in the position of Merchandiser for the time period running six (6) years prior to the filing this class action to the date judgment is rendered herein (the "Class Period"). All said persons, including Plaintiff, are referred to herein as the "Class Members" and/or the "Rule 23 Class".

36.     **Numerosity & Ascertainability:** The members of the Class are so numerous that joinder of all members would be impractical, if not impossible.  The identity of the members of the class is readily ascertainable by review of Defendants' records, including payroll records. Plaintiff is informed and believes and based thereon alleges that Defendants (a) failed to pay to Plaintiff and the Rule 23 Class all wages, including minimum wages, earned and (b) failed to pay all earned wages in a timely manner.

37.     **Adequacy of Representation:** The Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the class defined above.  Plaintiff has no interests antagonistic to the Class.  Plaintiff's attorneys are ready, willing and able to fully and adequately represent the class and individual Plaintiff.  Plaintiff's attorneys have prosecuted and settled wage-and-hour class actions in the past and currently have a number of wage-and-hour class actions pending in courts across the Country.

38.     Defendants uniformly administered a corporate policy, practice of misclassifying Plaintiff and Class Members as "independent contractors" and not paying Plaintiff and the Class all wages, including minimum wages.

39.     Plaintiff is informed and believes and based thereon alleges this corporate conduct

is accomplished with the advance knowledge and designed intent to willfully and intentionally fail to accurately record proper rates of pay, hours worked, net wages, and deductions.

40.     Plaintiff is informed and believes and based thereon alleges that Defendants had a consistent and uniform policy, practice and procedure of willfully failing to comply with New York Labor Law §§ 191, 193, 652, 663 and the FLSA.  Plaintiff and other members of the Class did not secret or absent themselves from Defendants, nor refuse to accept the earned and unpaid wages from Defendants.

41.     **Common Question of Law and Fact:**  There are predominant common questions of law and fact and a community of interest amongst Plaintiff and the claims of the Class concerning Defendants: (a) not paying Plaintiff and the Class all wages, including minimum wages, earned.

42.     **Typicality:**  The claims of the Plaintiff are typical of the claims of all members of the Rule 23 Class.  Plaintiff is a member of the Rule 23 Class and has suffered the alleged violations of New York Labor Law §§ 191, 193, 652, 663 and the FLSA.

43.     The New York Labor Law and the FLSA upon which Plaintiff bases her claims are broadly remedial in nature.  These laws and labor standards serve an important public interest in establishing minimum working conditions and standards.  These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.

44.     The nature of this action and the format of laws available to Plaintiff and members of the Rule 23 Class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein.  If each employee and common

law employee were required to file an individual lawsuit, the corporate Defendants would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual Plaintiff with their vastly superior financial and legal resources.  Requiring each class member to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers at subsequent employment.

45.     The prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual class members against the Defendants and which would establish potentially incompatible standards of conduct for the Defendants, and/or (b) adjudications with respect to individual class members which would, as a practical matter, be dispositive of the interest of the other class members not parties to the adjudications or which would substantially impair or impede the ability of the class members to protect their interests.  Further, the claims of the individual members of the class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

46.     Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the Rule 23 Class identified herein, in a civil action, for declaratory and injunctive relief, unpaid wages, unpaid overtime, statutory damages, interest, liquidated damages, reasonable attorneys' fees, and costs and all other appropriate legal and equitable relief, pursuant to *inter alia,* the NYLL §§ 198, 663.

47.     Proof of a common business practice or factual pattern, which the Plaintiff

experienced and is representative of, will establish the right of each of the members of the Rule 23 Class to recovery on the causes of action alleged herein.

48.　　　The Rule 23 Class is commonly entitled to a specific fund with respect to the compensation illegally and unfairly retained by Defendants.  The Rule 23 Class is commonly entitled to restitution of those funds being improperly withheld by Defendants.  This action is brought for the benefit of the entire Class and will result in the creation of a common fund.

## FIRST CLAIM FOR RELIEF

### (Failure to Pay Minimum Wages – FLSA, Brought by Plaintiff on behalf of herself and the FLSA Collective Plaintiffs)

49.　　Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

50.　　Plaintiff consents in writing to be a party to this action under 29 U.S.C. § 216(b). Plaintiff's written consent with private information redacted is hereto as Exhibit "A".

51.　　The FLSA Collective Plaintiffs have been, and are, entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201 et seq.  Defendants are subject to the requirements of the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in commerce.  Id.

52.　　The FLSA requires the payment of minimum wage of no less than $7.25 by employers whose employees are engaged in interstate commerce.  29 U.S.C. § 207(a)(1).

53.　　The FLSA defines "employee" as "any individual employed by an employer."  29 U.S.C. § 203.

54.　　The FLSA defines "employ" to include to suffer or permit to work. 29 U.S.C. § 203.

55.     The FLSA Collective Plaintiffs are, or were, employed by Defendants and, as such, are or were employees of Defendants. 29 U.S.C. § 203.

56.     As a pattern and practice, Defendants regularly required the FLSA Collective Plaintiffs to perform job duties without the payment of any wages.  Defendants were aware of such non-payment of wages.

57.     As a pattern and practice, Defendants regularly failed to pay the FLSA Collective Plaintiffs and members of the FLSA Collective Class minimum wage compensation for work performed at locations other than at the Kiosk.

58.     Defendants violated, and continues to violate, the FLSA, including 29 U.S.C. § 206(a)(1), by failing to pay for all work performed and for failing to pay sufficient wages.

59.     Plaintiff and each of the FLSA Collective Plaintiffs were required to pay numerous operating costs out of their earned wages, without reimbursement from Defendants. These payments include, but are not limited to: usage of their personal vehicle including fuel charges which exceed the reimbursed amount and the purchase of cleaning supplies necessary to maintain the DVDs and kiosks. Such expenses and fees were primarily for the benefit of the named Defendants.

60.     As a result of the failure to reimburse in the manner described above, routinely the wages that the Plaintiff and the FLSA Collective Plaintiff Class received free and clear from the named Defendants were less than the minimum wage required by 29 U.S.C. § 206 on a weekly basis for each hour or part of an hour of actual work.

61.     Plaintiff and members of the FLSA Collective Class are victims of a uniform and company-wide compensation policy. Upon information and belief, Defendants are  applying this uniform policy of not paying wages for work performed away from the kiosk locations or

reimbursing costs incurred to all employees nationwide during the last three years.

62. Defendant have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and members of the FLSA Collective Class are entitled to recover unpaid minimum wages pay pursuant to 29 U.S.C. § 216.

63. Alternatively, should the Court find that Defendants did act with good faith and reasonable grounds in failing to pay minimum wages, Plaintiff and members of the FLSA Collective Class are entitled to an award of pre-judgment interest at the applicable legal rate.

64. As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, compensation has been unlawfully withheld by Defendants from Plaintiff and members of the FLSA Collective Class. Accordingly, Defendants are liable for compensatory damages pursuant to 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, costs of this action, and such other legal and equitable relief as the Court deems just and proper.

## SECOND CLAIM FOR RELIEF

## FAILURE TO PAY MINIMUM WAGES

**(12 New York Comp. Codes R. & Regs. Part 142-2, et seq.;**

**N.Y. Lab. Law §§ 2 and 650 et seq.)**

**By Plaintiff on behalf of herself and the Rule 23 Class**

65. Plaintiff re-alleged, and incorporated by reference, the preceding paragraphs as though fully set forth herein.

66. Defendants are "employers" and the Plaintiff and members of the Rule 23 Class are, or were, "employees" who were "employed" by Defendants during initial training sessions.

12 N.Y. Comp. Codes R. & Regs. § 142-2.14; N.Y. Lab. Law § 2.

67.     It is unlawful under New York law for an employer to suffer or permit an employee to work without compensation for all hours worked.

68.     Throughout the Class Period, Defendants willfully, regularly, repeatedly and knowingly failed to pay Plaintiff and the Rule 23 Class Members for all hours worked and for all of the overtime hours worked at the required overtime rates for hours worked in excess of forty (40) hours per workweek.

69.     At all times relevant herein, Defendants were required to compensate the Plaintiff and members of the Rule 23 Class at least at the minimum wage for all hours worked.  12 N.Y. Comp. Codes R. & Regs. § 142-2.1; N.Y. Lab. Law § 652.

70.     New York Labor Law § 663 provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

71.     Defendants failed to pay Plaintiff and members of the Rule 23 Class minimum wage compensation for hours worked.

72.     Defendants' failure to pay the Plaintiff and members of the Rule 23 Class minimum wages for hours worked violates New York law.  12 N.Y. Comp. Codes R. & Regs. § 142-2.1; N.Y. Lab. Law § 652.

73.     As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and the Rule 23 Class Members have sustained damages, including loss of earnings, in an amount to be established at trial.

74.     Plaintiff and members of the Rule 23 Class are entitled to recover the unpaid

balance of the full amount of wages owing, including interest thereon, as well as reasonable attorneys' fees, and costs of suit.  N.Y. Lab. Law § 663.

75.     Because Defendants did not have a good faith basis to believe that its underpayment of wages was in compliance with the law, Plaintiff and members of the Rule 23 Class are additionally entitled to recover liquidated damages equal to one hundred percent of the total of such underpayments found to be due.  N.Y. Lab. Law § 663.  Plaintiff and the Members of the Rule 23 Class are also entitled to any other relief available under the statutes.

### THIRD CAUSE OF ACTION

### FAILURE TO PAY WAGES TIMELY AND AT RATES AGREED UPON

**(New York Labor Law §§191, 198)**

By Plaintiff on behalf of herself and the Rule 23 Class

76.     Plaintiff re-alleges, and incorporates by reference, the preceding paragraphs as though fully set forth herein.

77.     Pursuant to Article Six of the New York Labor Law, workers such as Plaintiff and the members of the Rule 23 Class are protected from wage underpayments and improper employment practices.

78.     N.Y. Lab. Law § 191 (d) provides that workers such as Plaintiff and the members of the Rule 23 Class "shall be paid the wages earned in accordance with the agreed terms of employment, but not less frequently than semi-monthly, on regular pay days designated in advance by the employer."

79.     Defendants routinely failed to pay Merchandisers the wages owed at the rates agreed upon and at the times agreed upon.

80.     In failing to pay Plaintiff and the members of the Rule 23 Class the proper wages

for all hours worked when such wages were due, Defendants violated Labor Law § 191.

81.     By withholding earned wages from Plaintiff and the members of the Rule 23 Class, pursuant to New York Labor Law § 193 and the cases interpreting the same, Defendants made unlawful deductions in wages owed to Plaintiff and the members of the Rule 23 class.

82.     Moreover, to the extent that Defendants paid wages, Defendants routinely failed to pay Plaintiff and the members of the Rule 23 Class in a timely manner in accordance with pre-arranged payment schedules in further violation of Labor Law § 191.

83.     Upon information and belief, Defendants' failure to pay Plaintiff and the members of the Plaintiff Class all earned wages and compensation was willful.

84.     In addition to the full wages they are owed, the Plaintiff and members of the Rule 23 Class are entitled recover liquidated damages that accrued during the six years prior to the commencement of this action, attorneys' fees and costs.  N.Y. Lab Law § 198(3).  Plaintiff is also entitled to any other relief available under the statutes.

## FOURTH CAUSE OF ACTION

## FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS

### (New York Labor Law §§ 190 et seq.)

### By Plaintiff on Behalf of Herself and the Rule 23 Class

85.     Plaintiff repeats, realleges and incorporates by reference each of the foregoing allegations as though fully set forth herein.

86.     Defendants failed to supply Plaintiff and the Rule 23 Class members with accurate statements of wages as required under the NYLL, Article 6, § 195(3). Specifically, Defendants failed to provide an accurate number of hours worked by Plaintiff and the Class members or their rates of pay.

87.     Defendants maintained inaccurate time records and paid Plaintiff and the members of the Rule 23 Class according to the in accurate time records.   Specifically, the records did not

reflect all the time worked by Plaintiff and the members of the Rule 23 class and thus, did not properly reflect the hours worked or the true rate of pay.

88. Through their knowing or intentional failure to provide Plaintiff and the Rule 23 Class members with the accurate wage statements required under the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

89. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff and the Rule 23 Class members are entitled to statutory penalties, reasonable attorneys' fees, costs, and injunctive relief and declaratory relief, as provided for by NYLL, Article 6, §198(1-d).

## FIFTH CAUSE OF ACTION

## FAILURE TO PAY WAGES UPON TERMINATION

### (New York Labor Law §§191, 198)

### By Plaintiff on Behalf of Herself and the Rule 23 Class

90. Plaintiff re-alleges, and incorporates by reference, the preceding paragraphs as though fully set forth herein.

91. Defendants were required to pay all unpaid wages not later than the regular pay day for the pay period during which the termination occurred.  N.Y. Lab. Law § 191.

92. Because Defendants did not pay any wages for duties performed away from the kiosk, Plaintiff and members of the Rule 23 Class were owed unpaid wages at the time their employment with Defendants terminated.

93. In addition to the full wages they are owed, Plaintiff and members of the Rule 23 Class are entitled recover liquidated damages that accrued during the six years prior to the commencement of this action, attorneys' fees and costs.  N.Y. Lab Law § 198(3).  Plaintiff and the members of the Class are also entitled to any other relief available under the statutes.

**FIFTH CAUSE OF ACTION**

**BREACH OF CONTRACT**

**By Plaintiff an Behalf of Herself and the Rule 23 Class**

94.     Plaintiff repeats, realleges and incorporates by reference each of the foregoing allegations as though fully set forth herein.

95.     Defendants entered into a uniform written contract with Plaintiff and the members of the Rule 23 Class to perform work as described above.

96.     Plaintiff and the members of the Rule 23 Class satisfactorily supplied labor in connection with, and in furtherance of, the work required under their oral employment contract with Defendants and in doing so, complied with the terms of their employment contract with Defendants and were therefore entitled to wages they rightfully earned while working for Defendants.

97.     Defendants agreed to pay Plaintiff and the members of the Rule 23 Class an hourly wage for each hour they worked.

98.     Defendants failed to pay Plaintiff and the members of the Rule 23 Class at that hourly rate for each of the hours they worked.

99.     That by virtue of the foregoing breach of contract by Defendants, Plaintiff and the members of the Rule 23 Class have been damaged in an amount to be proven at trial based upon an accounting of the amount Plaintiff and the members of the Rule 23 Class should have been paid as contemplated by their employment agreement with Defendants, less amounts actually paid to Plaintiff and the members of the Rule 23 Class together, with an award of interest, costs, disbursements, and attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for an Order:

A. certifying this matter to proceed as a class action;

B. approving Plaintiff as Class representative of the proposed Class;

C. appointing Bradley/Grombacher LLP and the Schlemmer Firm LLC to serve as Class Counsel and as the attorneys representing the FLSA Collective Class;

D. requiring Defendants to provide the names and current (or best known) addresses of all members of the identified Collective and Class;

E. authorizing Class Counsel to issue a notice informing the Class members that this action has been filed, of the nature of the action, and of their right to opt out of this lawsuit;

F. designation of this action as a collective action on behalf of the members of the FLSA Class and promptly issue notice to all members of the opt-in class apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consents to join

G. declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. § 201 et seq ;

H. a declaration that Defendants are financially responsible for notifying all FLSA Collective Class Members of their alleged violations;

I. finding that Defendants willfully violated the applicable provisions of the FLSA by failing to pay all required wages to Plaintiff and the collective group members;

J. finding that Defendants willfully violated the applicable provisions of the NYLL by failing to pay all required wages to Plaintiff and the New York Class members;

K. granting judgment in favor of Plaintiff and the members of the collective group and Class on all Counts;

L. awarding all available compensatory damages in an amount to be determined;

M. awarding all available statutory damages;

N. awarding an equal amount of liquidated damages as provided by the FLSA;

O. Pre-Judgment and post-Judgment interest, as provided by law;

P. awarding reasonable attorneys' fees and reimbursement of all costs and expenses incurred in litigating this action;

Q. awarding all available equitable and injunctive relief precluding the continuation of the policies and practices pled in this Complaint;

R. awarding any further relief the Court deems just, necessary and proper;

S. granting leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

T. maintaining jurisdiction over this action to ensure Defendants' compliance with the foregoing; and

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

U. and all such other and further legal and equitable relief as this Court deems necessary, just and proper.


Dated:  June 6, 2018                              Submitted By:

                                                  **BRADLEY/GROMBACHER LLP**

                                                  By:  /s/ Kiley L. Grombacher
                                                       Marcus J. Bradley (Admitted Pro Hac Vice)
                                                       Kiley L. Grombacher (Admitted Pro Hac Vice)
                                                  2815 Townsgate Road, Suite 130
                                                  Westlake Village, California 91361
                                                  Telephone:  (805) 270-7100
                                                  Facsimile:  (805) 270-7589
                                                  E-Mail:  kgrombacher@bradleygrombacher.com


## DEMAND FOR JURY TRIAL

Plaintiff, by and through his undersigned counsel, hereby demands a jury trial in the above-captioned matter.

Dated:  June 6, 2018                              Submitted By:

                                                  **BRADLEY/GROMBACHER LLP**

                                                  By:  /s/ Kiley L. Grombacher
                                                       Marcus J. Bradley (Admitted Pro Hac Vice)
                                                       Kiley L. Grombacher (Admitted Pro Hac Vice)
                                                  2815 Townsgate Road, Suite 130
                                                  Westlake Village, California 91361
                                                  Telephone:  (805) 270-7100
                                                  Facsimile:  (805) 270-7589
                                                  E-Mail:  kgrombacher@bradleygrombacher.com