USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/21/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X
:
CHRISANNE OLIVER, individually and on :
behalf of others similarly situated, :
:
                   Plaintiff, :     1:18-cv-1794-GHW
:
           -against- :
:     MEMORANDUM OPINION
RIO ACQUISITION PARTNERS, LLC, DVD :          AND ORDER
XPRESS LLC, and XPRESS RETAIL LLC, :
:
                  Defendants. :
:
---------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

## I.    Introduction

Chrisanne Oliver ("Plaintiff") works as a merchandiser for DVD kiosks owned by Rio Acquisition Partners, LLC, Xpress Retail, LLC, and DVD Xpress, LLC (collectively "Defendants"), for which she is compensated at some (unspecified) contractually agreed upon hourly rate. Plaintiff alleges that Defendants have failed to pay her for some (again, unspecified) additional number of hours worked, and that these unpaid hours cause her to receive less than the federally mandated minimum wage as required by the Fair Labor Standards Act ("FLSA"). 29 U.S.C. § 201 *et seq*. Because Plaintiff's complaint contains little more than boilerplate recitations of the elements of the claims asserted, Plaintiff has failed to plausibly state a claim upon which relief can be granted and Defendants' motion to dismiss is GRANTED.

## II.    Background

### A.  Factual Background

Plaintiff, a citizen of Idaho, is an employee of Defendants who do business as DVDXpress, a company that sells DVDs through DVD Rental kiosks primarily in retail/grocery stores around

the country. Am. Compl. (ECF No. 20) ¶¶ 7, 11-12. Plaintiff works as a merchandiser for some of Defendants' kiosks.[1] *Id.* ¶ 12. As a merchandiser, Plaintiff's duties include tasks performed at Defendants' kiosks, and tasks performed away from the kiosks. *Id.* ¶ 13. Plaintiff's duties away from the kiosks include receiving, processing, inspecting, watching and cleaning DVDs. *Id.* Plaintiff alleges that Defendants regularly fail to compensate Plaintiff for work she does while away from the kiosks. Critically, however, Plaintiff has not alleged, nor provided even a rough estimate of, how many hours of uncompensated work she has performed. *Id.* According to Plaintiff, Defendants' failure to compensate her for away-from-the-kiosk activities has resulted in her functional hourly rate dropping below the federally mandated minimum wage of $7.25/hour. *E.g., id.* ¶ 14. Plaintiff further alleges that her functional hourly rate is below her agreed upon contractual rate. *Id.* However, she has also failed to allege or estimate her agreed upon hourly rate.

### B. Procedural Background

Plaintiff initially filed a complaint against Rio Acquisition Partners, LLC on February 27, 2018. Compl. (ECF No. 4). Her original complaint alleged six claims—one for an alleged violation of the Fair Labor Standards Act and five state law claims, most of which implicate New York labor law. *Id.* The original complaint, like the amended complaint, failed to allege how many hours the plaintiff worked for Defendant in a given week, what Defendant was contractually obligated to pay Plaintiff, or what Plaintiff was actually paid. *See, generally, id.*

On June 6, 2018, Plaintiff served her amended complaint. Am. Compl. (ECF No. 20). Plaintiff's amended complaint did not remedy any of the deficiencies described above. *Id.* Indeed, the Amended Complaint is unchanged but for the addition of identical allegations against two additional Defendants. *Id.* Defendants filed their motion to dismiss on August 23, 2018. Mot. to

---

[1] Plaintiff's complaint fails to specify whether Plaintiff is currently employed by Defendants. This fact is not dispositive for this motion, and the Court takes no position on that issue. In the internet of readability, the Court takes the liberty of using the present tense throughout this opinion.

2

Dismiss (ECF No. 44). In her opposition, Plaintiff tacitly admitted the inadequacy of her allegations when she requested leave to amend the complaint to include Plaintiff's "(1) . . . hourly rate of pay" and "(2) the number of hours worked per week in violating periods." Pl.'s Opp. (ECF No. 46) at 5.

### III. Standard of Review

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). It is not enough for a plaintiff to allege facts that are consistent with liability; the complaint must "nudge" claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

In determining the adequacy of a claim under Rule 12(b)(6), a court is generally limited to "facts stated on the face of the complaint," "documents appended to the complaint or incorporated in the complaint by reference," and "matters of which judicial notice may be taken." *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016). The court must accept all facts alleged in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 124 (2d Cir. 2008) (per curiam). Legal conclusions, unlike facts, are not entitled to an assumption of truth. *Iqbal*, 556 U.S. at 679. A complaint that offers "labels and conclusions" or "naked assertion[s]" without "further factual enhancement" will not survive a motion to dismiss. *Id.* at 678 (citing *Twombly*, 550 U.S. at 555, 557).

## IV. Discussion

### A. Fair Labor Standards Act Claim

Plaintiff's FLSA claim is dismissed because Plaintiff failed to adequately allege her functional hourly rate, which is a necessary element of her claim. That failure is compounded by her further failure to allege facts by which the Court could determine, or even estimate that rate—namely how much money she was paid by Defendants in a given period, and how many hours she worked during that period. Accordingly, for the reasons articulated below, the Court dismisses Plaintiff's FSLA claim for failing to state a claim upon which relief can be granted.

The Fair Labor Standards Act, 29 U.S.C. § 206(a)(1)(C), entitles employees to receive at least $7.25 per hour in wages. "To state a FLSA minimum wage claim, it is sufficient for a plaintiff to allege facts about her salary and working hours, such that a simple arithmetical calculation can be used to determine the amount owed per pay period." *Tackie v. Keff Enterprises LLC*, No. 14-CV-2074-JPO, 2014 WL 4626229, at *3 (S.D.N.Y. Sept. 16, 2014). However, mere allegations that a plaintiff was paid at a rate below the federally mandated minimum rate only "raise the possibility that Plaintiff[ was] undercompensated in violation of the FLSA and NYLL." *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201 (2d Cir. 2013). Alone, such "allegations do not state a plausible claim for such relief." *Id.*

The Second Circuit recently affirmed the dismissal of a deficient pleading analogous to the one at issue here in *Dejesus v. HF Mgmt. Servs., LLC.* 726 F.3d 85 (2d Cir. 2013) (discussing failure to adequately plead an overtime-wage based FLSA claim). In *Dejesus*, the Second Circuit adopted the logic of the First Circuit when confronting a case involving a possible violation of FLSA's overtime wage provisions:

> The plaintiffs had alleged that they "regularly worked" more than forty hours a week and were not properly compensated. The court concluded that such a formulation was "one of those borderline phrases" that while not stating an "ultimate legal conclusion[ ]," was "nevertheless so threadbare or speculative that [it] fail[ed] to

4

cross the line between the conclusory and the factual." "Standing alone," the panel reasoned, the allegation was "little more than a paraphrase of the statute." Like the allegations in *Iqbal*, the ones in *Pruell* were "too meager, vague, or conclusory" to survive a motion to dismiss.

*Id.* at 89 (quoting *Pruell v. Caritas Christi*, 678 F.3d 10, 12 (1st Cir.2012)).

Similarly, in this case Plaintiff has made only a conclusory allegation that she was paid below this minimum threshold and has failed to allege facts sufficient to "nudge" her claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Plaintiff has merely alleged that she received pay which "routinely falls below the minimum wage," without articulating at what rate she was paid, or even approximating how many hours she worked. Am. Compl. ¶ 14. Plaintiff "did not estimate her hours in any or all weeks or provide any other factual context or content. Indeed, her complaint was devoid of any numbers to consider beyond those plucked from the statute." *Dejesus* 726 F.3d at 89. "Whatever the precise level of specificity that was required of the complaint, [Plaintiff] at least was required to do more than repeat the language of the statute." *Id.* This type of conclusory pleading has been routinely dismissed by courts in this circuit. *E.g., Dejesus* 726 F.3d at 86 (Plaintiff worked more than 40 hours in "some or all weeks"); *Lundy v. Catholic Health System of Long Island Inc.*, 711 F.3d 106, 115 (2d Cir. 2013) (Plaintiff "occasionally" worked a shift longer than 40 hours); *Amponin v. Olayan America Corp.* 2015 WL 1190080, at *1 (S.D.N.Y. 2015) (Plaintiff "frequently worked past 6:30 p.m." and she "routinely worked over forty (40) hours per week"), *Johnson v. Equinox Holdings, Inc.* 2014 WL 3058438, at *4 (Plaintiff spent between $250 and $500 "at a time" in uncompensated expenses in unspecified weeks); *see also, Pruell* 678 F.3d at 12 (Plaintiff "regularly" worked more than 40 hours in a week).

Plaintiff has failed to allege or estimate how many hours she worked, how many hours were uncompensated, and her hourly wage. Her allegations "thus fail[] because of arithmetic: tallying the plausible factual allegations" the Court has no plausible basis upon which it could conclude that Plaintiff was paid below the federally established minimum wage. *Dejesus*, 726 F.3d at 89.

5

Accordingly, the Court finds that Plaintiff failed to adequately state a claim to relief for inadequate compensation pursuant to FLSA § 206(a) and dismisses Count One of the Amended Complaint without prejudice.[2]

## B. New York Labor Law Claims

The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, with the consequence that those claims are also dismissed.[3] In addition to Plaintiff's FLSA claim, Plaintiff brings five (5) claims under New York State Law. Plaintiff requests that the Court extend supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a), which states that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

However, under 28 U.S.C. § 1367(c)(3), the exercise of supplemental jurisdiction over Plaintiff's remaining state law claims is within the Court's discretion if it has "dismissed all claims over which it has original jurisdiction." The Second Circuit counsels against exercising supplemental jurisdiction in such a situation: "'[I]f the federal claims are dismissed before trial, even though not

---

[2] The Amended complaint does not include uncompensated overtime in its "First Claim for Relief," which is the only FSLA claim. Am. Compl at 11-13. However, to the extent that the complaint otherwise alleges a claim for failure to pay overtime wages as mandated by the FSLA, such a claim would also be inadequately pled. "[I]n order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Dejesus*, 726 F.3d at 88. The scant allegations in the amended complaint are inadequate even compared to overtime cases which were themselves dismissed as inadequately pled. *See Id.* at 89 ("In *Nakahata*, the plaintiffs also had alleged uncompensated work during meal breaks, training sessions, and extra shift time as evidence of an overtime violation without demonstrating how these instances added up to forty or more hours in a given week. We therefore concluded that the allegations lacked the 'specificity' required, because though they 'raise[d] the possibility' of an overtime claim, 'absent any allegation that Plaintiffs were scheduled to work forty hours in a given week,' they did not state a plausible claim for relief.") (quoting *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201 (2d Cir. 2013).

[3] Plaintiff has not plead that this court has diversity jurisdiction, nor pled facts sufficient for the Court to determine whether there is complete diversity amongst the parties, or if the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

insubstantial in a jurisdictional sense, the state claims should be dismissed as well.'" *First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 183 (2d Cir. 2004) (quoting *Castellano v. Bd. of Trustees*, 937 F.2d 752, 758 (2d Cir. 1991)).

Having dismissed all of Plaintiff's claims based on a federal question under 28 U.S.C. § 1331, and there being no other basis for federal jurisdiction over this case, the Court declines to exercise its supplemental jurisdiction over Plaintiff's remaining state law claims. See 28 U.S.C. § 1367(c)(3). Accordingly, those claims are dismissed without prejudice.

### C. Leave to Amend

Motions to amend are governed by Fed. R. Civ. P. 15, which provides that "leave to amend a pleading should be freely granted 'when justice so requires.'" *Agerbrink v. Model Service LLC*, 155 F.Supp.3d 448, 452 (S.D.N.Y. 2016). Under this standard, a motion to amend should be denied only if the moving party has unduly delayed or acted in bad faith, the opposing party will be unfairly prejudiced if leave is granted, or the proposed amendment is futile. *Id.* Given this liberal standard, Plaintiff is granted leave to amend her complaint to remedy the deficiencies identified in this opinion.

## V. Conclusion

Defendant's Motion to Dismiss is GRANTED and Plaintiff's claims are all dismissed without prejudice. Plaintiff is granted leave to serve an amended complaint no later than thirty days following the date of this order.

The Clerk of Court is directed to terminate the motion pending at docket number 44.

SO ORDERED.

Dated: February 21, 2016
New York, New York

GREGORY H. WOODS
United States District Judge